ERIC D. HOUSER (SBN 130079)
ELIZABETH DOLAN SCOTT (SBN 241376)
**HOUSER & ALLISON, APC**
9970 Research Drive
Irvine, California 92618
Tel: (949) 679-1111; Fax: (949) 679-1112
Email: escott@houser-law.com

Attorneys for Defendants HSBC BANK USA, N.A. AS TRUSTEE FOR LUMINENT MORTGAGE TRUST 2006-7, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-7; POWER DEFAULT SERVICES, INC.; OCWEN LOAN SERVICING, LLC; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT COURT OF CALIFORNIA**

KELLY N. MORAN,

Plaintiff,

vs.

HSBC BANK USA, N.A. AS TRUSTEE FOR LUMINENT MORTGAGE TRUST 2006-7, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-7; WELLS FARGO BANK, N.A.; POWER DEFAULT SERVICES, INC.; OCWEN LOAN SERVICING, LLC; FIDELITY NATIONAL TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND DOES 1-100, inclusive,

Defendants.

Case No. 5:14-cv-00633-LHK

Honorable Lucy H. Koh

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS OCWEN LOAN SERVICING, LLC. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR EQUIFIRST LOAN SECURITIZATION TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1**

Date: August 7, 2014
Time: 1:30 p.m.
Courtroom: 8, 4th Floor

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 7, 2014 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 8 of the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Defendants HSBC BANK USA, N.A. AS TRUSTEE FOR LUMINENT MORTGAGE TRUST 2006-7, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-7; OCWEN LOAN SERVICING, LLC; and MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC., (collectively "Defendants") hereby move to dismiss the Complaint filed by Plaintiff KELLY N. MORAN. ("Plaintiff").

This Motion is made and based upon Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief may be granted against Defendants. This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, and upon all pleadings, papers, and documents on file herein, as well as any oral argument that may be presented at the time of the hearing, or any matters of which judicial notice is requested and/or taken.

Dated: March 17, 2014

**HOUSER & ALLISON**
A Professional Corporation

/s/ Elizabeth Dolan Scott
Eric D. Houser
Elizabeth Dolan Scott
Attorney for Defendants HSBC BANK USA, N.A. AS TRUSTEE FOR LUMINENT MORTGAGE TRUST 2006-7, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-7; POWER DEFAULT SERVICES, INC.; OCWEN LOAN SERVICING, LLC; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. PLAINTIFF HAS FAILED TO STATE ANY VALID CLAIM FOR RELIEF ..... 1

A. Plaintiff's First Claim for Relief for Declaratory Relief is Fatally Defective. ..... 1

B. Plaintiff's Second Claim for Relief for Wrongful Foreclosure is Fatally Defective. ..... 3

C. Plaintiff's Third Claim for Relief for Breach of Express Agreement is Fatally Defective. ..... 5

D. Plaintiff's Fourth Claim for Relief for Implied Contract is Fatally Defective. ..... 5

E. Plaintiff's Fifth Claim for Relief for Slander of Title is Fatally Defective. ..... 6

1. Plaintiff cannot show that the documents were 'publications ..... 6

2. Plaintiff cannot show that the documents were published without 'privilege or justification. ..... 7

3. Plaintiff cannot show that the documents were 'false. ..... 7

4. Lastly, Plaintiff cannot show that the allegedly 'false' documents caused her any pecuniary loss. ..... 8

F. Plaintiff's Sixth Claim for Relief for Violation of 18 U.S.C. Section 1962 is Fatally Defective. ..... 8

1. Plaintiff has not shown that the 'Conduct' element was met. ..... 9

2. Plaintiff has not shown that the 'Enterprise' element was met. ..... 9

3. Plaintiff has not shown that the 'Injury' element was met. ..... 10

G. Plaintiff's Seventh Claim for Relief for Unfair Business Practices is Fatally Defective ..... 10

1. Plaintiff's Section 1700 claim fails because Plaintiff has failed to allege a violation of a predicate act which would support such a claim. ..... 10

2. Plaintiff's Section 1700 claim fails because Plaintiff has not alleged he has suffered an injury-in-fact. ..... 10

3. Plaintiff's Section 1700 claim fails because this statute only applies to ongoing conduct, and is not intended to remedy past wrongs. ............ 11

III. CONCLUSION ............ 11

# TABLE OF AUTHORITIES

Cases


Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996) ...............3

Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1989)...............................9

Albrecht v. Lund, 845 F.2d 193, 195-196 (9th Cir. 1998) .......................................................11

Alcaraz v. Wachovia Mortg. FSB, 592 F.Supp.2d 1296, 1304 (E.D.Cal.2009) ..........................3

Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) ...........................................12

Angell v. Superior Court, 73 Cal.App.4th 691, 700 (1999).......................................................4

Archundia v. Chase Home Finance LLC., 2009 WL 1796295 at *6 (S.D. Cal.)........................10

Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 578 (Ct.App.1984)...............................3

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).......................................................11

Chaset v. Fleer/Skybox Intern., LP, 300 F.3d 1083, 1086 (9th Cir. 2002)..................................8

Cisneros v. Instant Capital Funding Group, Inc., 263 F.R.D 595, 610 (E.D. Cal. 2009)............10

Communist Party v. Peek, 20 Cal.2d 536, 540 (1942)...............................................................2

DeLeon v. Wells Fargo Bank, 2011 WL 311376 at *7 (N.D. Cal.)............................................11

Derakhshan v. Mortgage Electronic Registration Systems, 2009 WL 3346780 at *4 (C.D.Cal. 2009)....................................................................................................................................9

Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065–66 (9th Cir. 2004) ......................................9

Ellis v. J.P. Morgan Chase & Co., J.P., 950 F.Supp.2d 1062, 1088 (E.D.Cal. 2013) .............9, 10

Flores v. EMC Mortgage Company, -- F.Supp.2d –, 2014 WL 641097 at *26 (E.D.Cal. 2014)6, 7

Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011)..............................3, 4

Ghuman v. Wells Fargo Bank, N.A., --- F.Supp.2d ----, 2013 WL 552097 at *6 (E.D.Cal. 2013) .3

Gomes v. Countrywide Home Loans, 192 Cal.App.4th 1149, 1154-1155 (2011)......................2, 7

Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir.1996) ................................................................8

In re Worcester, 811 F.2d 1224, 1231 (9th Cir.1987) ................................................................3

Javaheri v. JPMorgan Chase Bank, N.A., 2012 WL 3426278 at *6 (C.D.Cal).............................8

Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal.App.4th 497, 511-513 (2013)..........................2

Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333-336 (2008) ..................................................7

Karlsen v. American Sav. & Loan Ass'n, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971) .........3

Knapp v. Doherty, 123 Cal.App.4th 76, 86, fn. 4 (2004) .........4

Levy v. State Farm Mut. Auto. Ins. Co., 150 Cal.App.4th 1, 5 (2007) .........5

Manhattan Loft, LLC v. Mercury Liquors, Inc., 173 Cal.App.4th 1040, 1051 (2009) .........6

McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 798 (2008) .........6

Melendrez v. D & I Investment, Inc., 127 Cal.App.4th 1238, 1258 (2005) .........4

Moss v. Moss, 20 Cal.2d 640, 642 (1942) .........1

Ohlendorf v. American Brokers 2012 WL 718682 at *11–12 (E.D.Cal. 2012) .........9

Ortiz v. Accredited Home Inc., 639 F.Supp.2d 1159, 1168 (S.D.Cal. 2009) .........6

Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) .........3

Pedersen v. Greenpoint Mortgage Funding, Inc., 900 F. Supp. 2d 1071, 1081-83 (E.D. Cal. 2012) .........8, 9

People v. McKale, 25 Cal.3d 626, 632 (1979) .........11

Rodriguez v. JP Morgan Chase & Co., 809 F.Supp.2d 1291, 1297 (S.D. Cal. 2011) .........11

Rosenfeld v. JPMorgan Chase Bank, 732 F.Supp.2d 952, 961 (N.D.Cal. 2010) .........3

Silberg v. Anderson, 50 Cal.3d 205, 213-15 (1990) .........7

Siliga v. Mortgage Electronic Registration Systems, Inc., 219 Cal.App.4th 75, 85 .........8

Sun Savings & Loan Ass'n v. Dierdorff, 825 F.2d 187, 196 (9th Cir.1987) .........9

Troyk v. Farmers Group, Inc., 171 Cal.App.4th 1305, 1352 (2009) .........5

United States v. Turkette, 452 U.S. 576, 583 (1981) .........9

**Statutes**

18 U.S.C. § 1964(c) .........8

Business & Professions Code § 17204 & 17535 .........11

Civil Code Section 2924(d) .........7

Code of Civil Procedure §1061 .........1

FED.R.CIV.P. 9(b) .........9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff owns the property located at 73 Piazza Court, San Jose, California. (Complaint, ¶2). Defendant Ocwen Loan Servicing, LLC. ("Ocwen") is the current loan servicer for a loan secured by the property. Defendant HSBC BANK USA, N.A. AS TRUSTEE FOR LUMINENT MORTGAGE TRUST 2006-7, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-7 ("Deutsche Bank, as Trustee") is the Beneficiary under the Deed of Trust securing the subject loan.

Plaintiff has failed to state a valid claim for relief. Plaintiff's Declaratory Relief claims fail as under California Law Plaintiff has no standing to challenge who the beneficiary is under the Deed of Trust. Plaintiff's Wrongful Foreclosure claim fails as this claim is premature as there has been no foreclosure sale. The Breach of Contract claims fail there can be no Breach of Contract if the parties have no interest in the Deed of Trust as Plaintiff alleges. Plaintiff's Slander of Title claim fails as foreclosure documents cannot be a basis for a Slander of Title claim. Lastly, Plaintiffs Unfair Competition Law claim fails it is based upon acts which stated throughout this Motion, cannot impose any liability upon any of the Defendants.

The Intentional Infliction of Emotional Distress Claim fails as Plaintiff has failed to allege sufficiently extreme and outrageous conduct, and therefore is not entitled to relief under this statute. Lastly, Plaintiff's Unfair Competition claim fails as Plaintiff has failed to allege a predicate act that could impose liability under this statute. For these reasons, and the reasons set forth below, moving Defendants' Motion to Dismiss should be granted without leave to amend.

## II. PLAINTIFF HAS FAILED TO STATE ANY VALID CLAIM FOR RELIEF

### A. Plaintiff's First Claim for Relief for Declaratory Relief is Fatally Defective.

The court may refuse declaratory relief in any case where it appears on the face of the Complaint that a declaration or determination is not necessary or proper at the time under all the circumstances. Code of Civil Procedure §1061; Moss v. Moss, 20 Cal.2d 640, 642 (1942). The availability of other legal or equitable remedies which are as speedy and adequate and as well suited to plaintiff's needs as declaratory relief renders declaratory relief unnecessary.

Communist Party v. Peek, 20 Cal.2d 536, 540 (1942). Here, the Declaratory Relief claim for relief should be dismissed as it is not necessary at this time. Plaintiff has stated numerous other legal or equitable remedies that render this cause of action unnecessary.

In any case, Plaintiff has not shown that she is entitled to Declaratory Relief. Plaintiff bases her claim on the foreclosure argument that is making the rounds in these wrongful foreclosure cases, that the current beneficiary of the Deed of Trust does not have standing to foreclose as the beneficial interest in the Deed of Trust was not transferred to HSBC Bank as Trustee timely as set by the rules of the Trust Pool itself. [1]

However, this claim fails as Plaintiff does not have standing to bring this argument. The borrower has no standing to challenge either the beneficiary or the trustee's right to act as the pursuant to the terms of the Deed of Trust, and cannot challenge the beneficiary's right to either assign its interest in the Deed of Trust, substitute in a new foreclosure trustee or proceed to foreclosure sale. Gomes v. Countrywide Home Loans, 192 Cal.App.4th 1149, 1154-1155 (2011) ("Nowhere do[] the [foreclosure statutes] provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized....The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures."); Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal.App.4th 497, 511-513 (2013) ("California Courts have refused to delay the non-judicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right of the foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure"). For these reasons, Plaintiff's Declaratory Relief Claim is fatally defective.

///

///

///

---

[1] Defendant HSBC Bank as Trustee is alleged to be the Trustee of the Luminent Mortgage Trust 2006-7, Mortgage Pass –Through Certificates, Series 2006-7 (Complaint, ¶8).

**B. Plaintiff's Second Claim for Relief for Wrongful Foreclosure is Fatally Defective.**

It is apparent from the documents and pleadings before the court that no foreclosure sale has occurred. As no sale has occurred, Plaintiff's claim for wrongful foreclosure is premature. Ghuman v. Wells Fargo Bank, N.A., --- F.Supp.2d ----, 2013 WL 552097 at *6 (E.D.Cal. 2013) *citing* Rosenfeld v. JPMorgan Chase Bank, 732 F.Supp.2d 952, 961 (N.D.Cal. 2010). For this reason, Plaintiff's Wrongful Foreclosure claim should be dismissed without leave to amend.

Secondly, Plaintiffs' Wrongful Foreclosure claim fails as Plaintiff has not alleged, nor can she show, that she can tender the amounts due under this loan. Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale. See Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996); Karlsen v. American Sav. & Loan Ass'n, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971).

As a prerequisite to stating a wrongful foreclosure claim, a plaintiff must demonstrate that he has made a "valid and viable tender [offer] of payment of the indebtedness." Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) *citing* Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112 (Ct.App.1971); Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 578 (Ct.App.1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.") A plaintiff must (1) demonstrate a willingness to pay and (2) show the ability to pay. In re Worcester, 811 F.2d 1224, 1231 (9th Cir.1987). A valid and viable tender offer is the plaintiff's ability to pay back what the plaintiff has received less interest and finance charges. Alcaraz v. Wachovia Mortg. FSB, 592 F.Supp.2d 1296, 1304 (E.D.Cal.2009) (citation omitted). Here, Plaintiff not alleged tender, nor that she has the ability to tender. Given that she is in default on her loan, it is unlikely that Plaintiff has the sum to tender even the sum overdue on the loan, let alone the entire loan balance.

Lastly, Plaintiff's Wrongful Foreclosure claim fails as Plaintiff cannot demonstrate an alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011). A nonjudicial

foreclosure sale is presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption. Melendrez v. D & I Investment, Inc., 127 Cal.App.4th 1238, 1258 (2005) ("It is the burden of the party challenging the trustee's sale to prove such irregularity and thereby overcome the presumption of the sale's regularity."); Knapp v. Doherty, 123 Cal.App.4th 76, 86, fn. 4 (2004). ("A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly; one attacking the sale must overcome this common law presumption 'by pleading and proving an improper procedure and the resulting prejudice") Prejudice is not presumed from "mere irregularities" in the process. Angell v. Superior Court, 73 Cal.App.4th 691, 700 (1999) (failure to comply with procedural requirements must cause prejudice to plaintiff.).

Here, Plaintiff's claim of irregularity in the foreclosure sale process is that the Beneficiary was not properly assigned the Note and Deed of Trust. Fontenot v. Wells Fargo Bank, N.A., 198 Cal.App.4th 256, 272 (2011). In Fontenot, Plaintiff alleged that she was entitled to Wrongful Foreclosure as MERS lacked the authority to assign the Deed of Trust to HSBC. Fontenot found that even if this was true, it is difficult to conceive how Plaintiff was prejudiced by this allegedly 'improper' assignment, and there is no allegation to that effect. Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC Bank as Trustee interfered in any manner with her payment of the note, nor that the original lender would have refrained from foreclosure under the circumstances presented. "If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." Id. "Given the presumption of regularity, if plaintiff contended the sale was invalid because HSBC had no authority to conduct the sale, the burden rested with plaintiff affirmatively to plead facts demonstrating the impropriety." Id at 270. As Plaintiff cannot overcome the presumption that the sale was conducted regularly, and cannot show that she was prejudiced by the alleged

irregularities in the foreclosure process, Plaintiff cannot state a claim for Wrongful Foreclosure. For the above reasons, Plaintiff's Wrongful Foreclosure claim should be dismissed.

**C. Plaintiff's Third Claim for Relief for Breach of Express Agreement is Fatally Defective.**

The elements that must be alleged for a breach of contract claim are (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff. Troyk v. Farmers Group, Inc., 171 Cal.App.4th 1305, 1352 (2009). "Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." Levy v. State Farm Mut. Auto. Ins. Co., 150 Cal.App.4th 1, 5 (2007).

Plaintiff states that the contract at issue is the Deed of Trust. She alleges that the Defendants breached it as they are conducting a foreclosure sale without authority. This argument is contradictory and cannot impose liability for a breach of contract claim. Plaintiff bases her entire Complaint on the allegation that none of the Defendants are entitled to foreclose as they have no interest in the Deed of Trust. If as Plaintiff claims, the Defendants are not parties to the Deed of Trust, then they cannot be in breach of a contract that they are not parties to. Therefore, Plaintiff's Breach of Contract claim is fatally defective.

**D. Plaintiff's Fourth Claim for Relief for Implied Contract is Fatally Defective.**

Plaintiffs' Fourth Claim for Relief is uncertain. Plaintiff references a Deed of Trust between herself and Wells Fargo. However, Wells Fargo is not, and has never been a party to the Deed of Trust Plaintiff references throughout the Complaint. Therefore, it is uncertain what Deed of Trust Plaintiff is referring to. If Plaintiff is referring to the Deed of Trust attached to her Complaint, Plaintiffs claim here fails for the same reasons that her Breach of Written Agreement claim fails.

Plaintiff alleges here that MERS violated the PSA. (Complaint, ¶84). However, Plaintiff does not have standing to bring a claim on behalf of the PSA, and therefore this argument must be disregarded.

Plaintiff next claims that Defendants breached the implied covenant of good faith and fair dealing. Every contract 'imposes upon each party a duty of good faith and fair dealing in its

performance and its enforcement. McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784, 798 (2008). "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." Id. Here, as set forth above, Plaintiff has failed to allege a contract. Therefore there can be no claim for a breach of the covenant of good faith and fair dealing. Even if this were not the case, Plaintiff has not alleged a valid claim under this theory. Plaintiff alleges that

**E. Plaintiff's Fifth Claim for Relief for Slander of Title is Fatally Defective.**

The elements of a cause of action for slander of title are (1) a publication, which is (2) without privilege or justification, (3) false, and (4) causes pecuniary loss. Manhattan Loft, LLC v. Mercury Liquors, Inc., 173 Cal.App.4th 1040, 1051 (2009). Here Plaintiff alleges that Defendants published false statements that disparaged their property by recording void or voidable title documents. (Complaint, ¶88). Plaintiff alleges that these documents were false as Defendants did not have standing to record them and do not have standing to foreclose. (Complaint, ¶97). Plaintiff alleges that she was damaged by documents as she could potentially lose legal title to the property, and that she "made payments not credited to their account to an entity that was not the true holder of the beneficiary interest under his [*sic*] Deed of Trust." (Complaint, ¶102). As these allegations are insufficient to establish a valid claim for Slander of Title, Plaintiff's Slander of Title claim for relief should be dismissed.

**1. Plaintiff cannot show that the documents were 'publications'**

Foreclosure notices do not slander title in that they do not disparage land. Flores v. EMC Mortgage Company, -- F.Supp.2d –, 2014 WL 641097 at *26 (E.D.Cal. 2014) *citing* Ortiz v. Accredited Home Inc., 639 F.Supp.2d 1159, 1168 (S.D.Cal. 2009) ("The recorded foreclosure Notices do not affect Plaintiffs' title, ownership, or possession of the property.") As such, the foreclosure Notices *cannot* be a basis upon which a Slander of Title claim may be based.

///

///

///

**2. Plaintiff cannot show that the documents were published without 'privilege or justification.'**

Plaintiff's slander of title cause of action fails as the recorded foreclosure documents were privileged. Flores v. EMC Mortgage Company, -- F.Supp.2d --, 2014 WL 641097 at *26 (E.D.Cal. 2014). Civil Code Section 2924(d), which is at the beginning of the statutes governing foreclosures, specifically provides that the mailing, publication, and delivery of foreclosure notices shall constitute privileged communications. The only exception for this rule is for malicious prosecution actions, which is not an issue in this case. Silberg v. Anderson, 50 Cal.3d 205, 213-15 (1990). As the foreclosure notices are privileged, the 'publication' of these documents cannot form the basis of a slander of title claim, and Plaintiff's slander of title claim, which is based on the 'publication' of the foreclosure documents must fail. Kachlon v. Markowitz, 168 Cal. App. 4th 316, 333-336 (2008).

Further, Plaintiffs have not alleged that the documents were recorded without 'justification.' Plaintiffs have not alleged that the Defendants recorded the foreclosure notices without believing that they have standing to foreclose.

**3. Plaintiff cannot show that the documents were 'false.'**

As stated throughout Motion, the borrower has no standing to challenge either the beneficiary or the trustee's right to act as the pursuant to the terms of the Deed of Trust, and cannot challenge the beneficiary's right to either assign its interest in the Deed of Trust, substitute in a new foreclosure trustee or proceed to foreclosure sale. Gomes v. Countrywide Home Loans, 192 Cal.App.4th 1149, 1154-1155 (2011) ("Nowhere do[] the [foreclosure statutes] provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized....The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures."). In addition, as stated above, Plaintiff cannot show that the foreclosure documents were improper. Even if the foreclosure documents were procedurally improper, Plaintiff has not met her burden of proving

that she was injured by this alleged act. For these reasons, and for the reasons stated throughout this Motion, Plaintiff has not and cannot show that the foreclosure documents were 'false,' and therefore as a matter of law her Slander of Title claim fails.

**4. Lastly, Plaintiff cannot show that the allegedly 'false' documents caused her any pecuniary loss.**

Plaintiff's cause of action fails as she has not pled that she has suffered any damages as a result of the alleged slander of title. Here, Plaintiffs' alleged damages (foreclosure) are not caused by any wrongdoing on behalf of Defendants, but by her failure to make her loan payments. Javaheri v. JPMorgan Chase Bank, N.A., 2012 WL 3426278 at *6 (C.D.Cal). Plaintiffs' have not shown that they were prejudiced by the allegedly improper foreclosure document. Siliga v. Mortgage Electronic Registration Systems, Inc., 219 Cal.App.4th 75, 85 (borrowers lacked standing to complain about loan servicer's and assignee's alleged lack of authority to foreclose on deed of trust where borrowers were in default under the note, absent evidence that the original lender would have refrained from foreclosure.) For these reasons, Plaintiff's Slander of Title Claim is fatally defective.

**F. Plaintiff's Sixth Claim for Relief for Violation of 18 U.S.C. Section 1962 is Fatally Defective.**

A plaintiff may seek civil remedies for RICO violations if he has been "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). The elements of a RICO claim are "(1) conduct; (2) of an enterprise; (3) through a pattern (4) of racketeering activities (known as 'predicate acts'); (5) causing injury to the plaintiff's 'business or property.' " Pedersen v. Greenpoint Mortgage Funding, Inc., 900 F. Supp. 2d 1071, 1082 (E.D. Cal. 2012) *citing* Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir.1996). The fifth element has two subparts: the plaintiff must show that the injury was proximately caused by the conduct and that he has suffered a concrete financial loss. Pedersen v. Greenpoint Mortgage Funding, Inc., 900 F. Supp. 2d 1071, 1082 (E.D. Cal. 2012) *citing* Chaset v. Fleer/Skybox Intern., LP, 300 F.3d 1083, 1086 (9th Cir. 2002). As Plaintiff has not sufficiently pled all of the elements of her RICO claim, the Court should dismiss this claim for relief.

**1. Plaintiff has not shown that the 'Conduct' element was met.**

Predatory lending, and the creation of false foreclosure notices cannot be the basis of a civil RICO claim for relief. Pedersen v. Greenpoint Mortgage Funding, Inc., 900 F. Supp. 2d 1071, 1081-83 (E.D. Cal. 2012) *citing* Ohlendorf v. American Brokers 2012 WL 718682 at *11–12 (E.D.Cal. 2012) ("Neither fraud, in and of itself, nor the creation of fraudulent loan documents are predicate offenses under RICO."), *and* Derakhshan v. Mortgage Electronic Registration Systems, 2009 WL 3346780 at *4 (C.D.Cal. 2009) (predatory lending is not a predicate offense for RICO). As Plaintiff's RICO claim is based *entirely* on allegations of predatory lending, and the creation of false foreclosure notices, Plaintiff's RICO claim must be dismissed.

Further, heightened pleading standards of Rule 9(b) apply when the RICO predicate acts are acts of fraud, such as the case here. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065–66 (9th Cir. 2004) *citing* Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1989)). Under Rule 9(b)'s requirement, plaintiffs must plead with particularity the time, place, and manner of each act of fraud, as well as the role of each defendant in each scheme. FED.R.CIV.P. 9(b); Sun Savings & Loan Ass'n v. Dierdorff, 825 F.2d 187, 196 (9th Cir.1987) (complaint pleaded fraud with sufficient particularity by specifically alleging four instances of mail fraud, including "the dates on which the letters were written, by whom and to whom the letters were sent, the letters' content, and the letters' role in the fraudulent scheme"). Here, Plaintiff has not met Rule 9's heightened pleading requirements.

**2. Plaintiff has not shown that the 'Enterprise' element was met.**

Plaintiff's RICO claim fails as she has not established an 'enterprise.' In order to state that there exists an 'enterprise' Plaintiff must allege that there is a "(i) a common purpose of engaging in a course of conduct; (ii) evidence of an 'ongoing organization, formal or informal'; and (iii) evidence that the various associates function as a continuing unit." Ellis v. J.P. Morgan Chase & Co., J.P., 950 F.Supp.2d 1062, 1088 (E.D.Cal. 2013) *citing* United States v. Turkette, 452 U.S. 576, 583 (1981). Plaintiff must allege that the 'enterprise' is distinctive from the Defendants themselves, and that the underlying conduct is distinct from their own affairs. Ellis

v. J.P. Morgan Chase & Co., J.P., 950 F.Supp.2d 1062, 1089 (E.D.Cal. 2013). Ellis was a factually similar case where the Court held that the Plaintiff's allegations that the lender and the mortgage servicer engaged in RICO violations when foreclosing on her house had no merit.

Here, as in Ellis, Plaintiff has failed to allege activities that that the Defendant's engaged in that were distinct from their own affairs. Therefore, her claim for relief for RICO should be dismissed.

**3. Plaintiff has not shown that the 'Injury' element was met.**

Here, Plaintiff cannot show that the alleged RICO violation was the proximate cause of her loss. Instead, Plaintiffs' failure to make her loan payments as required is the proximate cause of the loss of her home.

**G. Plaintiff's Seventh Claim for Relief for Unfair Business Practices is Fatally Defective.**

**1. Plaintiff's Section 1700 claim fails because Plaintiff has failed to allege a violation of a predicate act which would support such a claim.**

In order to state a claim for a violation of Business & Professions Code §17200 plaintiffs must allege facts to demonstrate that the business act of practice violates an underlying law. Archundia v. Chase Home Finance LLC., 2009 WL 1796295 at *6 (S.D. Cal.); Cisneros v. Instant Capital Funding Group, Inc., 263 F.R.D 595, 610 (E.D. Cal. 2009) ("The UCL allows a private plaintiff to proceed under it to seek redress for conduct which violates any predicate statute."). Here, Plaintiff's section 17200 claims are based upon the claims made throughout his Complaint, which as set forth throughout this Motion, can impose no liability upon moving Defendants. Therefore, Plaintiff's Business & Professions Code §17200 fails as he has not properly alleged that Defendants have violated a predicate statute.

**2. Plaintiff's Section 1700 claim fails because Plaintiff has not alleged he has suffered an injury-in-fact.**

In order to assert a claim under Business & Professions Code §17200, a Plaintiff must have "suffered an injury in fact and has lost money or property as a result of such unfair competition." Rodriguez v. JP Morgan Chase & Co., 809 F.Supp.2d 1291, 1297 (S.D. Cal.

2011) *citing* Business & Professions Code § 17204 & 17535; DeLeon v. Wells Fargo Bank, 2011 WL 311376 at *7 (N.D. Cal.) (The Court held that the bank's alleged misrepresentations that no foreclosure sale would occur during the loan modification process did not cause the loss of Plaintiff's home at the foreclosure sale. Instead, the defaulting Plaintiff's failure to tender the loan amount due caused the loss of the home.) Here, as in DeLeon, Plaintiff has not suffered an 'injury-in-fact' arising out the alleged violation of Business & Professions Code §17200.

**3. Plaintiff's Section 1700 claim fails because this statute only applies to ongoing conduct, and is not intended to remedy past wrongs.**

Since the underlying cause of action challenge acts which have already occurred, the statute is inapplicable. The statute applies only to ongoing conduct; it is not intended to remedy past wrongs. Business and Professions Code §17200 provides in relevant part that "unfair competition shall mean and include unlawful, unfair or fraudulent business practice . . ." The California Supreme Court has held that the word "practice" requires, at a minimum, ongoing conduct. People v. McKale, 25 Cal.3d 626, 632 (1979). Relief under § 17200 is unavailable to remedy past conduct. Id. Accordingly, this claim fails and the Motion to Dismiss should be granted without leave to amend.

## III. CONCLUSION

In order to survive a motion to dismiss for failure to state a claim, a complaint must set forth "enough facts to state a claim for relief that is plausible on its fact." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's Complaint constitutes nothing more, at best, than the bare formulaic recitation of some (but not all) of the elements of various claims for relief, lacking in specific facts and implausible on its fact. A court need not permit an attempt to amend the complaint if it determines that the pleading could not possibly be cured by allegations of other facts. Albrecht v. Lund, 845 F.2d 193, 195-196 (9th Cir. 1998) (no liability

///

///

///

///

as a matter of law); Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (amendment futile). As such, Plaintiff's Complaint should be dismissed without leave to amend as to Ocwen.

Dated: March 17, 2014

**HOUSER & ALLISON**
A Professional Corporation

/s/ Elizabeth Dolan Scott
Eric D. Houser
Elizabeth Dolan Scott
Attorney for Defendants OCWEN LOAN SERVICING, LLC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR EQUIFIRST LOAN SECURITIZATION TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 (Erroneously sued as DEUTSCHE BANK, NATIONAL TRUST COMPANY,TRUSTEE EQUIFIRST LOAN SECURITIZATION TRUST)

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) SS
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On March 17, 2014, I served the following document(s) described as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANTS OCWEN LOAN SERVICING, LLC. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR EQUIFIRST LOAN SECURITIZATION TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1**

On the following interested parties in this action:

**Michael Yesk**
**Megan Dailey**
**70 Doray Drive, Suite 16**
**Pleasant Hill, CA 94523**
***Attorneys for Plaintiffs***

[X] VIA FIRST CLASS MAIL—CCP §§ 1013(a); 2015.5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed On March 17, 2014 at Irvine, California.

/s/ Tami Krogle
Tami Krogle