UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KELLY MORAN,<br><br>    Plaintiff,<br>    v.<br><br>HSBC BANK USA, N.A., as Trustee for Luminent Mortgage Trust 2006-7, Mortgage Pass Through Certificates, Series 2006-7; WELLS FARGO BANK, N.A.; POWER DEFAULT SERVICES, INC.; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 5:14-cv-00633-LHK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Plaintiff Kelly Moran ("Moran") brings this action against HSBC Bank USA, N.A. ("HSBC"), as Trustee for Luminent Mortgage Trust 2006-7; Wells Fargo Bank ("Wells Fargo"); Power Default Services, Inc. ("Power Default"); Ocwen Loan Servicing, LLC ("Ocwen"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Does 1-100 (collectively, "Defendants"). ("Compl.") ECF No. 1, Ex. A. Before the Court is Defendants' Motion to Dismiss the Complaint. ("Mot.") ECF No. 12. Moran opposes the Motion. ("Opp'n") ECF No. 13. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing and case management conference scheduled for

1

Case No.: 5:14-cv-00633-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

August 7, 2014, at 1:30 p.m. ECF No. 11. Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Defendants' Motion to Dismiss with leave to amend.

## I. BACKGROUND

### A. Factual Background

Except where otherwise noted, the Court draws the following facts, taken as true for purposes of a motion to dismiss, from Moran's Complaint. On September 1, 2006, Moran recorded a deed of trust in favor of American Brokers Conduit ("American Brokers") on real property located at 73 Piazza Court, San Jose, CA 95127 ("Subject Property"). Compl. ¶ 16. The deed of trust named Alliance Title as trustee and MERS as beneficiary. *Id*.

On or around December 2006, American Brokers sold Moran's deed of trust and promissory note to a mortgage-backed securitized trust entitled the "Luminent Mortgage Trust 2006-7, Mortgage Pass-Through Certificates, Series 2006-7" ("LMT 2006-7 Trust" or "Trust"). *Id.* ¶ 17. Moran's promissory note and deed of trust were securitized pursuant to the Pooling and Servicing Agreement ("PSA") of the LMT 2006-7 Trust. *Id.* ¶ 18. HSBC acted as trustee for the LMT 2006-7 Trust, which was formed under New York law. *Id.* The LMT 2006-7 Trust is a tax-exempt Real Estate Mortgage Investment Conduit ("REMIC") trust. *Id.* ¶ 21.

The Complaint identifies two rules that allegedly apply to the LMT 2006-7 Trust. First, the Trust's PSA provides that: "None of the Depositor, the Trustee, Master Servicer . . . shall . . . accept any contributions to any REMIC . . . after the Closing Date, unless it has received an Opinion of Counsel . . . ." *Id.* ¶ 22. Moran alleges that the provision's reference to a "Closing Date" is the closing date for the LMT 2006-7 Trust, which was December 27, 2006. *Id*. Second, as a tax-exempt REMIC trust, all transfer of assets to the LMT 2006-7 Trust must have been made within ninety days of LMT 2006-7 Trust's startup date. *Id*.

On October 5, 2010, a notice of default was recorded against the Subject property. Compl. ¶ 19. Although Moran's mortgage had by that point been sold to the LMT 2006-7 Trust, the notice of default continued to list MERS as the beneficiary. *Id.*

On January 7, 2011, MERS recorded an assignment of deed of trust to assign all beneficial interest in the deed of trust on the Subject Property to HSBC as Trustee of the LMT 2006-7 Trust.

2
Case No.: 5:14-cv-00633-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

*Id.* ¶ 20. On the same day, HSBC recorded a substitution of trustee to appoint Power Default as trustee under the deed of trust. Compl. ¶ 25. Fidelity, acting as agent for Power Default, recorded a notice of trustee's sale against the Subject Property. *Id*.

On August 17, 2011, Fidelity recorded a notice rescinding the earlier October 5, 2010 Notice of Default. *Id.* ¶ 26. On or around September 6, 2013, a new notice of default was issued against Moran. *Id.* ¶ 27. The new notice of default listed HSBC, in its capacity as trustee for the LMT 2006-7 Trust, as the beneficiary . *Id.*

Moran claims that the foreclosure proceedings initiated in September 2013 were unlawful, because the entities seeking foreclosure "did not hold any beneficial interest in his deed of trust." *Id.* ¶ 28. According to Moran, American Brokers's 2006 sale of Moran's mortgage to the LMT 2006-7 Trust was ineffective because MERS, the beneficiary, did transfer Moran's mortgage to the trust pool at that time. *Id.* Moran further contends that MERS's subsequent assignment of its beneficial interest in Moran's mortgage to the LMT 2006-7 Trust in January 2011 was "void, and not merely voidable," because the assignment took place years after the LMT 2006-7 Trust's December 27, 2006 closing date, in violation of both the Trust's PSA and the rules governing tax-exempt REMIC trusts. *Id.* ¶ 29. As a consequence of the allegedly "void" transfer of Moran's mortgage, Moran asserts that his mortgage no longer belongs to either MERS or HSBC, but has instead become the property of "an unknown beneficiary." *Id*. ¶ 24.

**B.     Procedural Background**

Moran filed his Complaint in the Superior Court of California, Santa Clara County on December 19, 2013. *Id.* at 1. The Complaint lists the following seven causes of action: (1) violation of California Civil Code Sections 2923.55 and 2924; (2) wrongful foreclosure; (3) breach of express agreement; (4) breach of implied agreement; (5) slander of title, (6) violation of 18 U.S.C § 1962; and (7) violation of California Business and Profession Code Section 17200. *Id*.

Defendants removed the case to this Court on February 11, 2014 pursuant to 28 U.S.C §§ 1331, 1441(a), because Moran's sixth cause of action (for violation of 28 U.S.C. § 1962) arises under federal law. ECF No. 1. Defendants subsequently filed a Motion to Dismiss on March 17, 2014. ECF No. 12. Moran filed his Opposition on March 31, 2014. ECF No. 13.

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction, *see Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010), by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Barnum Timber Co. v. Envtl. Prot. Agency*, 633 F.3d 894, 899 (9th Cir. 2011) (at the motion to dismiss stage, Article III standing is adequately demonstrated through allegations of "specific facts plausibly explaining" why the standing requirements are met).

### B.     Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15. . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'"

4
Case No.: 5:14-cv-00633-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.  DISCUSSION

At the outset, the Court determines that Moran lacks Article III standing to assert any of the claims in his Complaint. As standing is a prerequisite to federal subject matter jurisdiction, the conclusion that Moran lacks standing requires dismissal of this case.

To have Article III standing, a plaintiff must plead and prove that he or she has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. *See Clapper v. Amnesty Int'l*, --- U.S. ---, 133 S. Ct. 1138, 1146 (2013) ("One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997))). Therefore, for Article III standing, a plaintiff must establish: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that this injury is fairly traceable to the challenged action of the defendant; and (3) that this injury is redressable by a favorable ruling from the court. *Monsanto Co. v. Geertson Seed Farms*, --- U.S. ---, 130 S. Ct. 2743, 2752 (2010); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

All seven of Moran's causes of action are premised on the theory that the original owners of his mortgage failed to actually transfer ownership of his loan. *See generally* Compl. Accordingly, whether Moran has standing to assert any of his claims hinges on whether he has standing to challenge the loan assignment. For the reasons discussed below, the Court finds that Moran lacks standing to challenge the allegedly defective loan transfer.

"Third-party borrowers lack standing to assert problems in the assignment of the loan" because the borrowers have not suffered an injury in fact. *Flores v. GMAC Mortg., LLC*, No. 12-794, 2013 WL 2049388, at *3 (N.D. Cal. May 14, 2013); *see also Jenkins v. JP Morgan Bank, N.A.*, 216 Cal. App. 4th 497, 513-14 (2013). Assignment defects do not injure borrowers because "even if there were some defect in the [subsequent] assignment of the deed of trust, that assignment would not have changed plaintiff's payment obligations." *Simmons v. Aurora Bank, FSB*, No. 13-482, 2013 WL 5508136, at *2 (N.D. Cal. Sept. 30, 2013); *see also Apostol v. CitiMortgage, Inc.*,

No. 13-1983, 2013 WL 6328256, at *7 (N.D. Cal. Nov. 21, 2013) ("There is no dispute on the record before the Court that the Beneficiary (whoever plaintiff believes that is) was entitled to pursue foreclosure . . . ."); *Siliga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 85 (2013) ("The assignment of the deed of trust and the note did not change [Plaintiffs'] obligations under the note, and there is no reason to believe that . . . the original lender would have refrained from foreclosure in these circumstances.").

Here, Moran has failed to specify an injury "fairly traceable to the challenged action of the defendant." *See Lujan*, 504 U.S. at 590. Plaintiff does not contend that the *initial* securitization of his loan to American Brokers was improper. Because Moran has not alleged that his obligation to repay his mortgage is in any way affected by any assignment defects, the foreclosure proceedings—the injury alleged by Moran—also presumably remain unchanged by the alleged assignments defects. Therefore, even if a loss in property occurs, "the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011). Moran thus cannot claim to be the "true victim" of the alleged mistakes in the assignment process. Given that Moran has not identified any injury he suffered as a result of the alleged irregularities in the assignment of his mortgage, Moran lacks standing to challenge this assignment. *See Jenkins*, 216 Cal. App. 4th at 511 ("California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure.")

Moran's argument that he has standing relies entirely on a case from the California Court of Appeal for the Fifth District, *Glaski v. Bank of America National Ass'n*, 218 Cal. App. 4th 1079, 1099 (2013). *Glaski* held that a borrower, whose loan had been organized into a trust formed under New York law, had standing to challenge an assignment of his note because the defendants failed to assign the trust before the trust's closing date, creating a defect in the chain of transfer. *See id.* at 1096. The court in *Glaski* acknowledged "that some federal district courts sitting in California have rejected the post-closing date theory of invalidity on the grounds that the borrower does not have standing to challenge an assignment between two other parties." *Id.* at 1098 (citing *Aniel v. GMAC*

6

*Mortg., LLC*, No. 12-4021, 2012 WL 5389706 (N.D. Cal. Nov. 2, 2012); *Almutarreb v. Bank of N.Y. Trust Co., N.A.*, No. 12-3061, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012)). However, the *Glaski* court concluded that "[t]hese cases are not persuasive because they do not address the principle that a borrower may challenge an assignment that is void and they do not apply New York trust law to the operation of the securitized trusts in question." *Id.* The court in *Glaski* explained that if the assignment of a trust was void, the defendant could not initiate a lawful foreclosure proceeding against the Plaintiff because it did not have a legal right to the property. *Id.* at 1095-97. The court then went on to find that the trust in *Glaski* was void under New York trust law. *Id.* at 1097. Because the assignment of the note was void, the defendant in *Glaski* was not the lawful holder of the plaintiff's deed of trust and could not initiate a foreclosure proceeding against the plaintiff. *Id.* at 1097-98. This gave the plaintiff standing to challenge the assignment despite being a third-party borrower. *See id.*

*Glaski* conflicts with several other California Court of Appeal cases that have held that a mortgage borrower, as a third party, does not have a cause of action due to irregularities in the chain of transfer. *See, e.g.*, *Jenkins*, 216 Cal. App. 4th at 515 ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [Plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions."); *Fontenot*, 198 Cal. App. 4th at 272-73 (stating plaintiff had no cause of action for merely alleging irregularities in the assignment process). "Moreover, courts in this District have expressly rejected *Glaski* and adhered to the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure claims on alleged deficiencies in the PSA/securitization process." *Apostol*, 2013 WL 6328256 at *7; *accord Giseke v. Bank of Am., N.A.*, No. 13-4772, 2014 WL 718463, at *3 (N.D. Cal. Feb. 23, 2014) ("To the best of the Court's knowledge, no court has yet followed Glaski on this point, and many have pointedly declined to.").

*Glaski*'s reasoning is also unpersuasive. First, it is well-established that a third party should not be permitted to enforce covenants made for the benefit of others. *See, e.g.*, *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants

7

Case No.: 5:14-cv-00633-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him."). Second, there is persuasive authority that the reasoning in *Glaski* is based on a flawed reading of New York trust law. *Glaski* held that an act in violation of a trust agreement is void, as opposed to merely voidable. 218 Cal. App. 4th at 1097. Whether the assignment of a trust is void or merely voidable is significant because a foreclosure proceeding involving a void trust assignment can be challenged on the basis that the foreclosing entity does not have a legal right to the property, whereas a voidable assignment can be challenged only by a directly injured party. *See id.* at 1095-97. New York state appellate courts, however, have consistently found, contrary to the holding in *Glaski*, that an act in violation of a trust agreement is *voidable*, not void. *See, e.g.*, *In re Levy*, 893 N.Y.S.2d 142 (N.Y. App. Div. 2010) (holding that a violation of a trust's procedural obligations to formally inform a beneficiary of a trustee did not void a trust); *Mooney v. Madden*, 597 N.Y.S.2d 775 (N.Y. App. Div. 1993) (holding that a trustee excluding beneficiaries in a trust from voting in a matter violated the trust agreement but did not make the trust void); *see also Anh Nguyet Tran v. Bank of N.Y.*, No. 13-580, 2014 WL 1225575, at *4 (S.D.N.Y. Mar. 24, 2014) ("[T]hough some courts have held that non-compliance with the terms of a PSA renders an assignment *void* under [the New York trust statute], the weight of the case law holds that such an assignment is merely *voidable*, and therefore outside the scope of that section."); *Banares v. Wells Fargo Bank, N.A.*, No. 13-4896, 2014 WL 985532, at *4-5 (N.D. Cal. Mar. 7, 2014) (criticizing *Glaski* for its flawed reading of New York trust law).

In sum, Moran's reliance on *Glaski* is misplaced, both because *Glaski* does not state the majority rule and because its reasoning is unpersuasive. Thus, the Court follows the weight of the authority and finds that Moran lacks standing to challenge the alleged assignment defects. Consequently, the Court GRANTS Defendants' Motion to Dismiss. Because Moran may conceivably be able to identify some injury he has suffered that is traceable to Defendants' conduct in an amended pleading, this dismissal is without prejudice. *See Lopez*, 203 F.3d at 1127 (leave to amend should be "freely granted").

### IV.     CONCLUSION

8

Case No.: 5:14-cv-00633-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1   For the foregoing reasons, Moran's Complaint is DISMISSED without prejudice. Should
2  Moran elect to file an amended complaint curing the deficiencies discussed herein, Moran shall do
3  so within 21 days of the date of this Order. Failure to meet the 21-day deadline to file an amended
4  complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with
5  prejudice. Moran may not add new causes of action or parties without leave of the Court or
6  stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: August 4, 2014

_____
LUCY H. KOH
United States District Judge