United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

KELLY N. MORAN,
Plaintiff,

v.

HSBC BANK USA, N.A., et al.,
Defendants.

Case No. 14-CV-00633-LHK

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

Re: Dkt. No. 21

Plaintiff Kelly Moran ("Moran") brings this action against HSBC Bank USA, N.A. ("HSBC"), as Trustee for Luminent Mortgage Trust 2006-7; Wells Fargo Bank ("Wells Fargo"); Power Default Services, Inc. ("Power Default"); Ocwen Loan Servicing, LLC ("Ocwen"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Does 1-100 (collectively, "Defendants"). First Am. Compl. ("FAC"), ECF No. 20. Before the Court is Defendants' motion to dismiss the First Amended Complaint. ("Mot."), ECF No. 21. Moran opposes the motion. ("Opp'n"), ECF No. 23. Defendants filed a reply. ("Reply"), ECF No. 25. Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Defendants' motion to dismiss with prejudice.

United States District Court
Northern District of California

## I. BACKGROUND

### A. Factual Background

On September 1, 2006, Moran recorded a deed of trust in favor of American Brokers Conduit ("American Brokers"), on real property located at 73 Piazza Court, San Jose, CA 95127 ("Subject Property"). FAC ¶ 14. The deed of trust named Alliance Title as trustee and MERS as beneficiary. *Id*.

On or around December 2006, American Brokers sold Moran's deed of trust and promissory note to a mortgage-backed securitized trust entitled the "Luminent Mortgage Trust 2006-7, Mortgage Pass-Through Certificates, Series 2006-7" ("LMT 2006-7 Trust" or "Trust"). *Id.* ¶ 17. On October 5, 2010, a notice of default was recorded against the Subject Property. *Id* ¶ 19. Although Moran's mortgage had by that point been sold to the LMT 2006-7 Trust, the notice of default continued to list MERS as the beneficiary. *Id.*

On January 7, 2011, MERS recorded an assignment of deed of trust to assign all beneficial interest in the deed of trust on the Subject Property to HSBC as Trustee of the LMT 2006-7 Trust. *Id.* ¶ 20. On the same day, HSBC recorded a substitution of trustee to appoint Power Default as trustee under the deed of trust. Compl. ¶ 22. Fidelity, acting as agent for Power Default, recorded a notice of trustee's sale against the Subject Property. *Id*.

On August 17, 2011, Fidelity recorded a notice rescinding the earlier October 5, 2010 Notice of Default. *Id.* ¶ 23. On or around September 6, 2013, a new notice of default was issued against Moran. *Id.* ¶ 24. The new notice of default listed HSBC, in its capacity as trustee for the LMT 2006-7 Trust, as the beneficiary. *Id.*

Moran claims that the foreclosure proceedings initiated in September 2013 were unlawful, because the entities seeking foreclosure "did not hold any beneficial interest in his deed of trust." *Id.* ¶ 25. According to Moran, American Brokers's 2006 sale of Moran's mortgage to the LMT 2006-7 Trust and MERS's subsequent assignment were "void and invalid" because "they were executed by (or on behalf) of an entity that was not in fact American Brokers Conduit, a New York corporation." *Id.* Moran alleges that no such corporate entity existed according to the records

contained in the New York Department of State Corporation and Business Entity Database. *Id.*¶ 15. As a consequence of the allegedly "void" transfer of Moran's mortgage, Moran asserts that the foreclosure proceedings were "initiated by entities that had no standing or authority to foreclose." *Id*. ¶ 26. According to Moran, the true beneficiary of his deed of trust is unknown.

**B. Procedural Background**

Moran filed his original Complaint in the Superior Court of California, Santa Clara County on December 19, 2013. Compl. at 1, ECF No. 1. Defendants removed the case to this Court on February 11, 2014 pursuant to 28 U.S.C §§ 1331, 1441(a), because Moran's sixth cause of action (for violation of 28 U.S.C. § 1962) arises under federal law. ECF No. 1. Defendants subsequently filed a motion to dismiss on March 17, 2014, which Moran opposed. ECF Nos. 12, 13. On August 4, 2014, the Court granted Defendants' motion to dismiss with leave to amend. ("Order"), ECF No. 19.

Plaintiff filed his FAC on August 25, 2014. ECF No. 20. Though Moran's theory of liability has changed, he has retained the same causes of action: (1) violations of California Civil Code Sections 2923.55 and 2924; (2) wrongful foreclosure; (3) breach of express agreement; (4) breach of implied agreement; (5) slander of title, (6) violation of 18 U.S.C § 1962; and (7) violation of California Business and Profession Code Section 17200. *Id*. Defendants filed a second round motion to dismiss and a request for judicial notice ("RJN")[1] on September 9, 2014. ECF Nos. 21, 22. Moran filed an opposition, ECF No. 23, and objections to Defendants' RJN, ECF No. 24.

[1] The Court GRANTS Defendants' request for judicial notice. *See* ECF No. 22. The Desist and Refrain Order Pursuant to California Financial Code Section 227122, entered by the California Department of Corporations (Exhibit 1), the Form 10-K Annual Report filed with the United States Securities and Exchange Commission (Exhibit 2), and the New York State Department of State, Division of Corporations document verifying American Home Mortgage Corporation's status (Exhibit 3), are matters of public record and therefore properly subject to judicial notice. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Plaintiff argues that the Court may not take judicial notice of "factual matters" within a document, as those facts are hearsay. However, pursuant to Federal Rule of Evidence 201(b), the Court may take judicial notice of facts not subject to reasonable dispute. Here, the Court takes notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction, *see Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010), by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Barnum Timber Co. v. Envtl. Prot. Agency*, 633 F.3d 894, 899 (9th Cir. 2011) (at the motion to dismiss stage, Article III standing is adequately demonstrated through allegations of "specific facts plausibly explaining" why the standing requirements are met).

### B. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes

of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Shwarz*, 234 F.3d at 435. Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 556 U.S. at 663–64.

**C. Leave to Amend**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15. . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**III. DISCUSSION**

The Court's previous order granting Defendants' motion to dismiss did so under Rule

12(b)(1). More specifically, the Court found that Moran lacked Article III standing to challenge alleged defects in the assignment or transfer of his mortgage because he was a third party to those transactions. Order at 5. The Court dismissed Plaintiff's Complaint with leave to amend because "Moran may conceivably be able to identify some injury that is traceable to Defendants' conduct in an amended pleading." Order at 8. In the FAC, Moran now contends that his deed of trust specifies that the lender, American Brokers Conduit, is a corporation organized under the laws of the state of New York. *See* FAC, Exh. A. Rather than focusing solely on alleged violations of the pooling and servicing agreement, Moran now argues that the deed of trust itself is invalid because the lender, American Brokers, did not exist as a New York corporation in September 2006. According to Moran, as no such entity existed, American Brokers' sale of Moran's deed of trust to the LMT 2006-7 Trust was invalid. FAC ¶ 16. Ultimately, the gravamen of Moran's FAC remains the same as his original Complaint: that the actual "owners of his mortgage failed to actually transfer ownership of his loan." Order at 5; *see generally* FAC. The Court begins by addressing whether Moran has alleged sufficient facts for his claim that the deed of trust is void.

**A. Deed of Trust**

Defendants contend that Plaintiff's allegations regarding American Brokers' corporate status are (1) irrelevant; (2) negated by admissions in Plaintiff's original Complaint; (3) time barred under California Civil Code § 337; and (4) contradicted by judicially noticeable documents. The Court concludes that Plaintiff has failed to state a cognizable claim and that Plaintiff's factual allegations are contradicted by judicially noticeable documents. In light of this conclusion, the Court declines to reach Defendants' other arguments.

First, the Court agrees with Defendants that Plaintiff has failed to identify why American Brokers' incorporation status renders the deed of trust void or otherwise caused Plaintiff any cognizable injury. Moran does not deny that an entity identifying itself as American Brokers Conduit provided a loan of $650,000 under the terms of the deed of trust. Nor does Moran contest that he was obligated to make payments under the terms of his loan agreement. Moran offers only a single bare allegation that the deed of trust "was void because there was no corporation named

'American Brokers Conduit' organized in New York at that time." FAC ¶ 15. Plaintiff cites no authority for this proposition. Moran does not allege fraud or misrepresentation, nor does he allege any injury that resulted from the "fact" that his lender was not a New York corporation as of September 2006. Plaintiff has offered no reason or argument why American Brokers' corporate status would vitiate his duties under the loan agreement or impact American Brokers' right to assign or sell the loan.

In opposition, Plaintiff cites the "rights and protections" contained in the Homeowner Bill of Rights, however, Plaintiff has failed to identify any actual violation of that statute. Specifically, nothing in California Civil Code §§ 2923.55 and 2924(a)(6) offers a basis to void the deed of trust based on American Brokers' incorporation status. The general assertion that the Homeowner Bill of Rights "significantly expanded borrower rights and protections," is insufficient to state a claim to invalidate the deed of trust. *See, e.g.*, *Nguyen v. Bank of Am. Nat'l Ass'n*, No. 11-CV-03318-LHK, 2011 WL 5574917 (N.D. Cal. Nov. 15, 2011) (discussing requirements to cancel a written deed instrument under Cal. Civ. Code § 3412). The Court therefore concludes that Plaintiff has failed to allege a cognizable claim that the deed of trust is void.

Second, Plaintiff's allegations are plainly contradicted by judicially noticeable public records. The deed of trust identifies the lender "American Brokers Conduit," a "[c]orporation organized and existing under the laws of [the] State of New York." FAC Exh. A. Plaintiff contends this entity did not exist, based on a document from the New York State Department of State, Division of Corporations, showing that "American Brokers Conduit Corporation," was not incorporated until March 16, 2012. FAC Exh. B. However, Defendants have offered public records indicating that "American Brokers Conduit" is a name under which American Home Mortgage Corporation does business. *See* RJN, Exhs. 1, 2 (Desist and Refrain Order entered by California Department of Corporations and Form 10-K Annual Report filed with the U.S. Securities and Exchange Commission on March 16, 2006). Defendants also present a document from the New York State Department of State, Division of Corporations, showing that American Home Mortgage Corporation was incorporated in New York on April 5, 1988. *Id*,. Exh. 3. These

public records show that American Home Mortgage Corporation, doing business as American Brokers Conduit, was a New York corporation at the time Moran executed the deed of trust. Moreover, while "American Brokers Conduit Corporation" may not have been incorporated in New York until 2012, Plaintiff fails to allege or otherwise show that "American Brokers Conduit," the lender identified in his deed of trust, is the same entity that incorporated in New York as "American Brokers Conduit Corporation" in March 2012. While the Court normally views factual allegations in the light most favorable to the Plaintiff on a motion to dismiss, the Court does not need to accept Plaintiff's conclusory allegations that are contradicted by matters of public record. *See Shaw*, 56 F.3d at 1129 n.1; *Van Buskirk*, 284 F.3d at 980; *Schwarz*, 234 F.3d at 435.

In sum, the Court concludes that Plaintiff has failed to allege a viable claim that his deed of trust is void. Plaintiff has not only failed to provide a legal basis for invalidating the deed of trust, the factual basis for his claim is contradicted by facts in the public record. Furthermore, for the reasons stated below, even if Plaintiff were correct that a "stranger" to his deed of trust sold his loan to the LMT 2006-7 Trust, Plaintiff has once again failed to plead a cognizable injury traceable to Defendants' conduct.

**B. Remaining Claims**

Plaintiff's causes of action remain premised on the same basic theory as put forth in his original Complaint: Plaintiff's loan was not effectively sold into the LMT 2006-7 Trust, such that Defendants are not authorized to foreclose on the Subject Property. FAC ¶¶ 53–56, 59. As discussed above, Plaintiff's new theory for why his loan was not validly sold into the LMT 2006-7 Trust is that the entity "American Brokers Conduit" did not exist, and therefore a "stranger" to the deed of trust sold Plaintiff's loan to the LMT 2006-7 Trust. Defendants argue that Plaintiff's claims suffer from the same Article III standing deficiencies the Court identified in its previous order and that Plaintiff's claims are subject to the tender rule. As the Court concludes that Plaintiff has again failed to plead an Article III injury-in-fact, the Court need not reach the tender rule issue.

To have Article III standing, a plaintiff must plead and prove that he or she has suffered

sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. *See Clapper v. Amnesty Int'l*, 133 S. Ct. 1138, 1146 (2013) ("One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997))). Therefore, for Article III standing, a plaintiff must establish: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that this injury is fairly traceable to the challenged action of the defendant; and (3) that this injury is redressable by a favorable ruling from the court. *Monsanto Co. v. Geertson Seed Farms*, -130 S. Ct. 2743, 2752 (2010); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

"Third-party borrowers lack standing to assert problems in the assignment of the loan" because the borrowers have not suffered an injury in fact. *Flores v. GMAC Mortg., LLC*, No. 12-794, 2013 WL 2049388, at *3 (N.D. Cal. May 14, 2013); *see also Jenkins v. JP Morgan Bank, N.A.*, 216 Cal. App. 4th 497, 513–14 (2013). Assignment defects do not injure borrowers because "even if there were some defect in the assignment of the deed of trust, that assignment would not have changed plaintiff's payment obligations." *Simmons v. Aurora Bank, FSB*, No. 13-482, 2013 WL 5508136, at *2 (N.D. Cal. Sept. 30, 2013); *see also Apostol v. CitiMortgage, Inc.*, No. 13-1983, 2013 WL 6328256, at *7 (N.D. Cal. Nov. 21, 2013) ("There is no dispute on the record before the Court that the Beneficiary (whoever plaintiff believes that is) was entitled to pursue foreclosure . . . ."); *Siliga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 85 (2013) ("The assignment of the deed of trust and the note did not change [Plaintiffs'] obligations under the note, and there is no reason to believe that . . . the original lender would have refrained from foreclosure in these circumstances.").

Here, Moran has once again failed to specify an injury "fairly traceable to the challenged action of the defendant." *See Lujan*, 504 U.S. at 590. Plaintiff does not contest that he executed a deed of trust in favor of American Brokers and received a loan in exchange for the deed of trust. FAC ¶ 14. Moran's novel theory that American Brokers was not a New York corporation and that a "stranger" to his deed of trust effectuated the sale of his loan to the LMT 2006-7 Trust does not

change the basic fact that "it would be the loan's owner, not plaintiff[], who was harmed by another party foreclosing on its loan without its consent." *Flores*, 2013 WL 2049388, at *3. Moran does not allege that his obligation to repay his mortgage is in any way affected by American Brokers' incorporation status. As such, "the foreclosure proceedings—the injury alleged by Moran—also presumably remain unchanged by the alleged assignments defects." *See* Order at 6. Moreover, under the terms of the deed of trust, MERS had the authority to transfer its beneficial interest on behalf of the lender, whoever the lender might be. As alleged in the FAC, MERS executed the assignment of the deed of trust to the LMT 2006-7 Trust on January 7, 2011. FAC ¶ 20. If MERS acted contrary to the wishes of the "true beneficiary," the injured party is the "true beneficiary," not Plaintiff. *See, e.g.*, *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) ("[T]he true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss."). Given that Moran has not identified any injury he suffered as a result of the alleged irregularities in the assignment of his mortgage, Moran lacks standing to challenge this assignment. *See Jenkins*, 216 Cal. App. 4th at 511 ("California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure.").

In opposition, Moran contends he has put forth a "specific factual basis indicating that the party seeking to foreclose actually lacks authority to do so." Opp'n at 10. Insofar as Moran relies on American Brokers not being incorporated in New York as of September 2006, the Court has already concluded that Plaintiff's claim fails. Plaintiff therefore lacks a "specific factual basis" to support his argument that Defendants lack authority to foreclose on the Subject Property. Moreover, Plaintiff's reliance on *Tamburri v. Sun Trust Mortgage, Inc.*, No. C-11-2899, 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011), *Castillo v. Skoba*, No. 10CV1838, 2010 WL 3986953 (S.D. Cal. Oct. 8, 2010), and *Sacchi v. Mortgage Electronic Registration Systems*, No. CV 11-1658, 2011 WL 2533029 (C.D. Cal. June 24, 2011), is misplaced. All three of those cases involved backdating of assignments and procedurally improper notices of default that are not at issue in the

United States District Court
Northern District of California

instant action. *See Tamburri*, 2011 WL 6294472, at *12–13 (citing *Castillo* and *Sacchi*). Contrary to Plaintiff's contention, those cases do not vitiate Plaintiff's obligation to show that he has standing to sue.

The Court finds that Plaintiff has once again failed to identify an injury he has suffered that is traceable to Defendants' conduct. Moreover, the Court concludes that amendment would be futile. The basic factual premise of Plaintiff's claim that American Brokers could not have existed as a New York entity in September 2006 is contradicted by judicially noticed facts. The Court has already previously granted Plaintiff leave to amend, and Plaintiff failed to cure the deficiencies identified in the Court's previous order. The Court therefore grants Defendants' motion to dismiss with prejudice. *See Carvalho*, 629 F.3d at 892–93.

## IV. CONCLUSION

For the foregoing reasons, Moran's FAC is DISMISSED with prejudice.

The Clerk shall close the case file.

**IT IS SO ORDERED**.

Dated: January 9, 2015

Lucy H. Koh
LUCY H. KOH
United States District Judge